IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LEE DIXON SCOTT, III,

    Plaintiff,

vs.                                     CIVIL ACTION NO.: CV514-005

GRADY PERRY, Warden, and
Sgt. ODELL DUNNAM,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Plaintiff filed Objections. In his Objections, Plaintiff asserts that Grady Perry should be held to a higher standard than his subordinates. Plaintiff also asserts that Grady Perry "learned of the violation of [his] rights and failed to do anything to fix the situation[ ]", and he "created a policy or custom allowing or encouraging the acts." First, Plaintiff's allegations against Grady Perry reveal that he seeks to hold Perry liable based solely on his supervisory position as Warden. The Magistrate Judge informed Plaintiff that he cannot base his allegations solely on Perry's supervisory position in a cause of action

brought pursuant to 42 U.S.C. § 1983. In addition, to the extent Plaintiff attempts to make factual allegations against Perry in his Objections to sustain a cause of action against Perry, Plaintiff's attempt fails. This Court's customary practice is not to address contentions raised for the first time in Objections. Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009). Even if the Court were to address Plaintiff's factual allegations against Perry, Plaintiff cannot sustain a claim against Perry. "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id. Plaintiff's assertions against Perry are conclusory and do not reach the plausibility standard.

Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Plaintiff's claims against Perry

2

are **DISMISSED** in their entirety, and Perry is no longer a named Defendant. Plaintiff's monetary damages claims against Dunnam in her official capacity and his injunctive relief claims are **DISMISSED**.

**SO ORDERED**, this 11 day of August, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)