# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LEE DIXON SCOTT,

    Plaintiff,

v.

SGT. ODELL DUNNAM,

    Defendant.

CIVIL ACTION NO.: 5:14-cv-5

## O R D E R

Plaintiff, an inmate at Coffee Correctional Facility in Nicholls, Georgia filed this action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. The parties have consented to have this case heard by a United States Magistrate Judge, (docs. 61, 63), and this case is set for trial on September 14, 2015. The Clerk of Court has provided a trial memorandum to Plaintiff, and he has returned that memorandum in preparation for trial. Plaintiff has filed a number of Motions in this action: a Motion for Reconsideration, (doc. 58); a Motion to Pursue Pretrial Conference, (doc. 59); a Motion for Entry of Default, (doc. 68); a Motion for Sanctions, (doc. 70); and a Motion for Default Judgment, (doc. 75). For the reasons set forth below, these Motions—with the exception of Plaintiff's Motion to Pursue Pretrial Conference, which is **GRANTED** in part,—are **DENIED.**

## I.  Motion for Reconsideration/Motion for Summary Judgment (Doc. 58)

Plaintiff previously filed Motions seeking Default Judgment or Summary Judgment. (Docs. 47, 52.) In those Motions, Plaintiff argued that, because Defendant had failed to respond to Plaintiff's request for admissions, he was entitled to default judgment or summary judgment in

his favor. The Court dismissed those Motions by Order dated May 18, 2015. (Doc. 53.) Therein, the Court explained that, even if Defendant had failed to respond to the Requests for Admissions, this would, at most, deem Plaintiff's requests admitted. (Doc. 53, pp. 1–2.) Furthermore, the Court explained that Plaintiff had failed to submit a statement of undisputed material facts that was supported by citations to the record, as a party moving for summary judgment must do. Id.

On June 2, 2015, Plaintiff filed a Motion seeking reconsideration of that Order and once again moving for summary judgment. (Doc. 58.) Plaintiff submitted a brief, (doc. 57)[1], and statement of material facts, (doc. 62), in support of this Motion. Defendant has filed Responses. (Docs. 65, 66.)

A review of Plaintiff's Motion reveals he is not seeking reconsideration of the Court's May 18, 2015, Order. Rather, Plaintiff is re-urging his previously-filed Motion for Summary Judgment. Plaintiff presents no new facts or argument than what he could have—and did—present in his previously-filed Motion. "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Smith ex rel. Smith v. Augusta-Richmond Cty., No. 1:10-cv-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). To the extent Plaintiff's Motion can be construed as one for reconsideration, that portion of Plaintiff's Motion is **DENIED**.

---

[1] Plaintiff's brief in support of his Motion for Summary Judgment is docketed as being in support of his previously-filed Motion for Summary Judgment, (doc. 47.) The undersigned disposed of that previous Motion by Order dated May 18, 2015. (Doc. 53.) Accordingly, this brief should be docketed as being in support of Plaintiff's Motion for Summary Judgment which currently is pending before the Court, (doc. 58.) Likewise, Plaintiff's Statement of Material Facts, (doc. 62), should be linked to the pleading at Docket Number 58, not the pleading at Docket Number 47. In addition, this Motion should be docketed as a Motion for Summary Judgment as well as a Motion for Reconsideration of the Court's May 18, 2015, Order. Further, Defendant's Response to Plaintiff's Motion for Summary Judgment, (doc. 66), should be linked to Plaintiff's actual Motion, (doc. 58.) The Clerk of Court is **DIRECTED** to take appropriate action to reflect these corrections on the docket of this case.

Plaintiff has moved the Court, once again, for summary judgment. Federal Rule of Civil Procedure 56 governs motions for summary judgment. "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). In addition, under this Court's Local Rules, a party moving for summary judgment "shall" provide "a concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried . . . Each statement of material fact shall be supported by a citation to the record." S.D. Ga. L.R. 56.1.

While Plaintiff filed a Statement of Material Facts, he failed to make any citation to the record of this case to support his Statement. Accordingly, Plaintiff's Motion does not comport with the requirements of the Federal Rules of Civil Procedure or this Court's Local Rules. Moreover, Plaintiff's Motion, which was filed on June 2, 2015, is untimely. Discovery closed in this case on October 23, 2014, and any motion for summary judgment was to be filed on or before November 21, 2014. Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."); (Doc. 26.) In addition, this case is set for trial on September 14, 2015. (Doc. 74.) Finally, Plaintiff and Defendant offer versions of events which greatly vary, which is clearly indicative of there being a genuine dispute as to facts material to

3

Plaintiff's claims. For these reasons, Plaintiff's Motion for Summary Judgment, (doc. 58), is **DENIED**.

## II. Motion to Pursue Pretrial Conference (Doc. 59)

By this Motion, Plaintiff seeks an informal meeting with Stephen Curry, Defendant's counsel. Plaintiff maintains this meeting would be an effort to work toward disposing of this case. It also appears Plaintiff seeks responses to his interrogatory requests, which were propounded on August 31, 2014, as well as a certified copy of an unspecified deposition which occurred on May 27, 2014. (Doc. 59, pp. 1–2.)

The portion of Plaintiff's Motion seeking a conference with opposing counsel is hereby **GRANTED**. The Court will conduct a telephonic pretrial conference on Friday, August 14, 2015, at 1:30PM. Personnel at Coffee Correctional Facility are **DIRECTED** to have Plaintiff available for this telephonic conference. The portion of this pleading in which Plaintiff requests discovery materials is **DENIED**. By the Court's Order dated March 30, 2015, Plaintiff was informed Defendant is not required to provide Plaintiff with a free copy of any deposition. (Doc. 50.) Further, Defendant states counsel elected not to have the deposition transcribed, and there is no copy available to either party. Plaintiff is once again advised that this Motion does not comply with this Court's Local Rule 26.5. Additionally, Defendant states that she has supplemented her answers to interrogatories. (Doc. 72, p. 2.)

## III. Motions for Entry of Default (Docs. 68 and 75)

Through these Motions, Plaintiff asserts that the Court should not accept Defendant's counsel's apology letter in which counsel explained why he did not file a pretrial order, as instructed. Plaintiff seeks to have the Court sanction counsel for not complying with the Federal Rules of Civil Procedure by not accepting his explanation. (Doc. 68, Doc. 75, p. 1.)

Additionally, Plaintiff asserts this Court should enter a default judgment in his favor. (Doc. 68.) Defendant has filed a Response. (Doc. 72.)

As Plaintiff has already been informed, Federal Rule of Civil Procedure 55 allows for the entry of default judgment when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P 55(a). Defendant's counsel's failure to timely file a pretrial order is not grounds for the entry of default in Plaintiff's favor. As Plaintiff is aware, the Court directed Defendant's counsel to show cause as to why he had failed to file a proposed pretrial order. (Doc. 55.) Counsel filed a Response to the Court's Order, (doc. 60), explaining why this Court's deadline escaped his attention in this case.

This Court's deadlines are to be taken seriously, and the Court expects parties and counsel to make every effort to comply with them. However, the Court accepts counsel's assertions and his apology for failing to meet this Court's deadline for filing the proposed pretrial order. The Court has no reason to doubt the veracity of counsel's assertions or the genuineness of his apology. Counsel has appeared before this Court in numerous causes of action over the course of many years' time, and the Court has never known counsel to act in bad faith or otherwise act in dereliction of the Court's directives. Though counsel may have missed a deadline inadvertently, the Court finds that counsel has taken sufficient measures to ensure that he will not commit a similar mistake in the future. Thus, Defendant has not "failed to plead or otherwise defend" in this case. Therefore, Plaintiff's Motions for Entry of Default are hereby **DENIED**.

IV. **Motion for Sanctions (Doc. 70)**

Plaintiff files this Motion pursuant to Federal Rule of Civil Procedure 37. Plaintiff asserts he asked Defendant in an interrogatory to provide the name and address of any person

who has or who may have knowledge of the relevant facts in this case. (Doc. 70, p. 1.) Plaintiff states that Defendant failed to respond to this interrogatory, but in the proposed pretrial order, Defendant provided the name of "Sarah Adams" as being someone with knowledge of the facts relevant to this case. (Id.) Plaintiff also states Defendant's counsel failed to respond to his original Motion for Summary Judgment, which shows his continuing disrespect for this Court's directives. (Id. at p. 2.)

In response, Defendant's counsel avers Sarah Adams is a nurse and, if called as a witness, will be offered for "purposes other than as a person having first hand knowledge of the conduct in issue." (Doc. 73, p. 2.) Defendant contends her original response to Plaintiff's interrogatory request was substantially justified and is not a circumstance in which she failed to comply with the Court's discovery order or where she has been purposefully evasive. Defendant also contends she has supplemented her discovery response to indicate Sarah Adams is a "may call" witness who can testify as to the authenticity and contents of Plaintiff's medical record. (Id. at p. 5.)

Rule 37(c) governs those instances in which a party fails to provide information or identify a witness, as required by Rule 26(a) and (e), and the sanctions which can be issued if discovery rules are not followed. A party is required to disclose the name of "each individual likely to have discoverable information" without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1)(A). If a party has made a Rule 26(a) disclosure or responded to an interrogatory request, he "must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e).

Based on Defendant's assertions, Sarah Adams does not have discoverable information at her disposal which would have required an initial disclosure to be made under Rule 26(a); however, counsel provided Sarah Adams' name and the information which she can provide if she is called as a witness, as contemplated under Rule 26(e). To be clear, based on counsel's assertions, Sarah Adams does not have firsthand knowledge of the events giving rise to Plaintiff's Complaint. Plaintiff has not been prejudiced by this disclosure, as supplemented. This supplemental disclosure does not fit within the purview of Rule 37, and the issuance of sanctions against Defendant is not appropriate. Plaintiff's Motion is **DENIED**.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration, (doc. 58); Motion for Entry of Default; Motion for Sanctions, (doc. 70); and Motion for Default Judgment, (doc. 75), are **DENIED**. Plaintiff's Motion to Pursue Pretrial Conference, (doc. 59), is **GRANTED IN PART**. The Court will conduct a telephonic pretrial conference on Friday, August 14, 2015, at 1:30PM.

**SO ORDERED**, this 10th day of August, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA