# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

LEE DIXON SCOTT, III,

    Plaintiff,

v.

SGT. ODELL DUNNAM,

    Defendant.

CIVIL ACTION NO.: 5:14-cv-5

## O R D E R

This matter is before the Court on Plaintiff's Motion for Judgment as a Matter of Law and Related Motion for a New Trial. (Doc. 98.) Defendant filed a Response. (Doc. 102.) For the reasons which follow, the Court **DENIES** Plaintiff's Motions.

## BACKGROUND

Plaintiff, an inmate at Coffee Correctional Facility in Nicholls, Georgia, filed this action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. After conducting the requisite frivolity review, the Court ordered service of Plaintiff's Complaint against Defendant based on Plaintiff's contentions Defendant violated his right to privacy, committed a state law tort of sexual assault/harassment, and retaliated against him. (Doc. 12, pp. 2, 4–5.) The parties consented to have this case heard by a United States Magistrate Judge, (docs. 61, 63). The Court granted Defendant's Motion in Limine to prevent Plaintiff from potentially recovering damages on his stand-alone sexual harassment claim under Georgia law. (Doc. 82; Doc. 89, pp. 6–7.)

This case was tried on September 14, 2015. (Doc. 95.) Prior to the parties' opening statements and outside of the jury's presence, the Court clarified the remaining evidentiary issues, including whether evidence of Plaintiff's convictions could be presented to the jury. The Court ruled that Plaintiff could stipulate to being a convicted felon and that he had been convicted of several felonies for which he was serving a life sentence, but defense counsel could not present evidence as to the specifics of those convictions. Specifically, the Court ruled that, due to the fact that at least some of Plaintiff's convictions were for sexual offenses and the resulting undue prejudice, Defendant could not introduce evidence of the crimes of which Plaintiff had been convicted. At trial, Plaintiff admitted that he was a convicted felon, though neither he nor Defendant disclosed the crimes for which he had been convicted or the nature of his convictions. Plaintiff also testified to the jury that he loves his children. On cross-examination, defense counsel asked Plaintiff whether he loves his children, including and especially one of his daughters. The Court immediately halted this line of questioning and, at sidebar, directed defense counsel not to pursue the questioning any further. Counsel did not ask Plaintiff any other questions regarding his love for his children following the Court's admonition about counsel asking these types of questions.

After hearing the evidence and testimony, a jury returned a verdict in favor of Defendant and against Plaintiff on the remaining counts of Plaintiff's Complaint. (Doc. 96.) The Court entered Judgment in accordance with the jury's verdict on September 30, 2015. (Doc. 97.) Plaintiff's Motions followed.[1]

---

[1] Plaintiff also filed a Notice of Appeal, which the Eleventh Circuit Court of Appeals dismissed for want of prosecution. (Docs. 99, 106.)

**DISCUSSION**

Plaintiff asserts Defendant's counsel violated Federal Rule of Evidence 412 and the Court's pretrial ruling during the trial of this case by asking about Plaintiff's "love" for his children. (Doc. 98, p. 1.)[2] Plaintiff claims counsel's questioning prejudiced him in the eyes of the jury. Plaintiff states the Court should treat his motion as a renewed motion for judgment as a matter of law and a conditional ruling on a motion for new trial.

**I.       Whether Defendant's Counsel Prejudiced Plaintiff in the Eyes of the Jury**

Pursuant to Rule 412, evidence in a case involving alleged sexual misconduct cannot be offered to prove a victim "engaged in other sexual behavior" or a victim's "sexual predisposition." Fed. R. Civ. P. 412(a). An exception to this general rule is that, in a civil case, "the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. The court may admit evidence of a victim's reputation only if the victim has placed it in controversy." Fed. R. Civ. P. 412(b)(2).

Here, Defendant's counsel did not introduce evidence excluded under Rule 412. Instead, Defendant's counsel began asking Plaintiff questions while he was on the stand regarding his love for his children. The Court prevented counsel from proceeding any further than he did, as it appeared to the Court that counsel may have been attempting to get information before the jury concerning the nature of Plaintiff's convictions. The Court, unlike the jury, anticipated this issue because it was aware of the general nature of Plaintiff's convictions from the pretrial hearings. Plaintiff has not shown the question or two Defendant's counsel asked, which were only

---

[2] Plaintiff states that counsel's questioning prejudiced him before his "all white jurors." (Doc. 98, p. 1.) Plaintiff did not raise any issue regarding the composition of the jury at trial, and it does not appear that he intends to advance any argument on this issue through his new trial Motion. However, even if Plaintiff has advanced such an argument, the Court rejects it for the reasons stated in Defendant's Response brief. (Doc. 102, p. 3.)

3

tangentially related to the crimes of which Plaintiff was convicted, prejudiced him in the eyes of the jury. Instead, the jury's verdict was based on the testimony and evidence presented at trial. In addition, there is nothing of record indicating that any of Plaintiff's convictions involved his children.There certainly was no evidence or testimony presented to the jury as to crimes for which Plaintiff had been convicted or the nature of Plaintiff's convictions, much less his children's involvement in those convictions. (See Doc. 92.) The Court halted the line of questioning even before defense counsel asked any questions connecting Plaintiff's children to his criminal history. Contrary to Plaintiff's bare assertion, there was no evidence or questioning from which jurors could have "caught on to what was being said about Plaintiff's conviction." (Doc. 98, p. 1.) Put simply, even if counsel attempted to introduce evidence pursuant to Rule 412, the Court thwarted that effort before the issue was placed before the jury. Thus, Plaintiff has not shown he was unfairly prejudiced.

## II. "Renewed" Rule 50 Motion for New Trial

"A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). A party can then file a renewed motion under Rule 50(b).

A renewed motion for judgment as a matter of law must be made within 28 days of the jury's verdict and may include an alternative or joint request for a new trial under Rule 59. "In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law. Id.

"The standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion [under 50(a)]." McGinnis v. American Home Mortg. Servicing, Inc., No. 14-13404, 2016 WL 1105394, at *8 (11th Cir. Mar. 22, 2016) (alterations in original) (internal citations omitted). "Thus, as with motions under Rule 50(a), the question before a district court confronting a renewed Rule 50(b) motion is whether the evidence is 'legally sufficient . . . to find for the party on that issue.'" Id. (quoting Fed. R. Civ. P. 50(a)(1)).

Plaintiff has not set forth any substantive reason to grant him relief under Federal Rule of Civil Procedure 50. As laid out above, the one evidentiary argument he raises in his Motion is unavailing. Moreover, it was Defendant's counsel who moved for a Rule 50 motion for judgment as a matter of law after Plaintiff rested his case. (Doc. 95, p. 2.) Plaintiff did not make the same or similar motion prior to the case being presented to the jury. Plaintiff cannot now come before the Court seeking to renew any such motion for judgment as a matter of law, as he was not the party who made this motion at trial.

### III.  Putative Rule 59 Motion for New Trial

Though Plaintiff cites Rule 50 in support of his Motion, federal courts may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Castro v. United States, 540 U.S. 375, 381 (2003). We may employ such recharacterization "to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Id. at 381–82 (internal citations omitted). Thus, the Court will assess whether Plaintiff's Motion is cognizable under Federal Rule of Civil Procedure 59.

Rule 59(a) states that: "A new trial may be granted to all or any parties and on all or part of the issues (1) in an action in which there has been a trial by jury for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[.]." As leading commentators on the Federal Rules of Civil Procedure have explained,

> The drafters of the rules found that it was impracticable to enumerate all the grounds for a new trial. Thus the rule is stated in broad terms. It has been said that the general grounds for a new trial are that the verdict is against the weight of the evidence, that the damages are excessive, or that for other reasons the trial was not fair, and that the motion also may raise questions of law arising out of substantial errors in the admission or rejection of evidence or the giving or refusal of instructions. The absence of a listing of specific grounds should not obscure the governing principle. The court has the power and duty to order a new trial whenever, in its judgment, this action is required in order to prevent injustice.

11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman, Federal Practice and Procedure § 2805 (3d ed. 2015).

Again, the only substantive grounds that Plaintiff raises in his Motion are defense counsel's question to Plaintiff regarding the love of his children. In some circumstances, inflammatory comments by counsel in contravention of a trial court's pretrial rulings can warrant a new trial. For instance, in Christopher v. Florida, 449 F.3d 1360 (11th Cir. 2006), the trial court properly granted a new trial in a Section 1983 action alleging the use of excessive force by officers securing a residence so that a search warrant could be executed, following the jury's return of a verdict for plaintiff. The court based the new trial, in part, on plaintiff's counsel's comment that invited the jury to hold defendants liable based on conduct other than the intentional blow to the plaintiff, in direct contravention of the district court's earlier qualified immunity order. Christopher, 449 F.3d at 1365–66; see also McWhorter v. City of Birmingham, 906 F.2d 674, 677 (11th Cir. 1990) (concluding that a new trial was in the interest of substantial

6

justice where counsel referred to an exhibit not in evidence during closing argument and argued a theory the district court had specifically prohibited in a motion *in limine*).

In contrast to Christopher, in the case at hand, the Court interrupted defense counsel's line of questioning before any improper evidence or comment could be presented to the jury. Additionally, the Court gave specific instructions to counsel to reinforce the Court's *in limine* ruling. Thus, the jury never heard any evidence or argument regarding the nature of Plaintiff's criminal history.

Moreover, even if counsel's questions interposed any prejudice in the case, Plaintiff has not established that the prejudice was so severe that it warrants the extreme measure of a new trial. Generally, in order to warrant a new trial, the error or circumstance complained of must affect a litigant's substantial rights or cause substantial prejudice so that it was not merely harmless. Coquina Inv. v. TD Bank, N.A., 760 F.3d 1300, 1309 (11th Cir. 2014) (stating this standard in reference to allegedly erroneous evidentiary rulings). This standard applies in the context of an attorney's allegedly improper arguments or statements at trial. King v. CVS Caremark Corp., No. 1:12-CV-1715-VEH, 2016 WL 705934, at *18–19 (N.D. Ala. Feb. 23, 2016) (denying defendant's motion for new trial because defendant could not show that plaintiff's counsel's improper argument affected defendant's substantial rights at trial) (distinguishing Christopher, 449 F.3d at 1366–68 and Wilson v. NHB Indus., Inc., 219 F. App'x 851 (11th Cir. 2007)); see also Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 207 (3d Cir. 1992) ("not all improper remarks will engender sufficient prejudice to mandate the granting of a new trial. Our test is whether the improper assertions have made it 'reasonably probable' that the verdict was influenced by prejudicial statements."). Here, defense counsel's questioning of Plaintiff, even if improper, was brief and did not result in the disclosure of Plaintiff's criminal

7

history to the jury. Consequently, the question did not so taint the trial of this case to have substantially affected Plaintiff's rights at trial or cause any substantial prejudice.

## CONCLUSION

For the reasons laid out above, the Court **DENIES** Plaintiff's Motion for Judgment as a Matter of Law and **DENIES** his Motion for a New Trial. The September 30, 2015, Judgment remains the judgment of this Court, and this case remains **CLOSED.**

**SO ORDERED**, this 13th day of April, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA